IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERMAINE MCNEAL,<br>625 H Street NE<br>Apt. 310<br>Washington, D.C. 20002<br><br>*Plaintiff*,<br><br>v.<br><br>SCHRIER TOLIN & WAGMAN<br>1390 Piccard Drive, Suite 315<br>Rockville, MD 20850<br><br>*Defendants.* | Case No. 1:20-cv-1529<br><br>**JURY DEMAND** |

# COMPLAINT

Plaintiff Jermaine McNeal brings this action against Schrier, Tolin & Wagman (collectively "Defendants") for violating the Fair Debt Collection Practices Act under 15 U.S.C. Code § 1692.

## VENUE AND JURISDICTION

1. This Court has subject matter jurisdiction under 15 U.S.C. 1692k(d) without regard to the amount in controversy.

2. This Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 in that the Act involves a federal question.

3. This Court has specific jurisdiction under D.C. Code § 13-423 in that the acts and omissions giving rise to McNeal's claims occurred in this jurisdiction.

4. Venue is proper under 28 U.S.C. § 1391(b)(2) in that the acts and omissions giving rise to McNeal's claims occurred in this jurisdiction.

LAW OFFICES OF
DEAN GREGORY
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

## PARTIES

5. McNeal is, and at all times mentioned herein was, an adult resident of the District of Columbia residing at 625 H Street NE, Apt. 310, Washington, D.C. 20002.

6. McNeal is, and at all times mentioned herein was, a consumer as defined by 15 U.S.C. § 1692a(3) in that the subject loan was incurred for personal, family or household purposes.

7. Schrier, Tolin & Wagman is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) because its principal purpose is collecting, or attempting to collect, consumer debts.

8. Schrier, Tolin & Wagman is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) because it regularly collects, or attempts to collect, consumer debts owed to another.

9. DOES 1 through 10 are persons or entities whose true names and capacities are unknown to Johnson, and who therefore are sued by such fictitious names. McNeal is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged, are responsible for the matters alleged, and are jointly and severally liable to McNeal. McNeal will seek leave of court to amend this Complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

10. At all times mentioned, all defendants were the agent(s) of the other and were acting within the course and scope of such agency and are jointly, severally, and vicariously liable to McNeal for all damages.

## FACTUAL ALLEGATIONS

11. In March 2018, Johnson purchased a 2018 Jeep Compass ("Jeep") under a Retail Installment Contract ("Agreement") through a dealer in Alexandria, Virginia.

12. The lender was represented to McNeal as Virginia Credit Union, then later Transportation Federal Credit Union.

LAW OFFICES OF
DEAN GREGORY
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

13. McNeal purchased the Jeep for personal, family, and household purposes.

14. McNeal's loan was a precomputed financial transaction—all interest, fees, and costs were included from the outset and earned over the life of the loan. The loan terms were $726.03 per month for 72 months with a maturity date in May 2024.

15. McNeal breached the Agreement and voluntarily surrendered the Jeep to Transportation Federal in November 2019.

16. On December 19, 2019, Schrier, Tolin & Wagman filed a debt-collection lawsuit against McNeal on behalf of Transportation Federal in the District of Columbia Superior Court (Case No. 2019 CA 008317 C). Schrier, Tolin & Wagman demanded payment of $33,444.60 plus costs and post-judgment interest.

17. Schrier, Tolin & Wagman's strategy was obtaining a default judgment and garnishing McNeal's wages and bank account.

18. Attached to the complaint is an affidavit from Victoria Williams, a debt collector at Transportation Federal, verifying the amount owed as true and correct. Williams has no personal knowledge of the amount owed, did not investigate balance accuracy, and robosigned her affidavit based on information displayed on her computer screen.

19. McNeal thereafter retained defense counsel to investigate Schrier Tolin & Wagman's claims of the amount actually owed. McNeal was confused and scared about being coerced into paying amounts not owed. McNeal, through counsel, filed an Answer and Counterclaims against in April 2020 disputing, among other things, the amount owed.

20. After expending more than $15,000 litigating the amount owed, Transportation Federal admitted, among other things, no credits were ever given to McNeal for unearned interest, GAP insurance, or the extended service contract—none of which have any bearing on its repossession or resale costs.

21. McNeal was angry for having to incur substantial attorney's fees and costs to prevent Schrier, Tolin & Wagman from collecting unauthorized amounts.

LAW OFFICES OF
DEAN GREGORY
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

22. On June 1, 2020, Schrier, Tolin & Wagman filed both an Answer and Motion to Dismiss McNeal's counterclaims against Transportation Federal. Schrier, Tolin & Wagman failed to provide or effectively convey McNeal's notice of his verification rights within five days of its initial communication—its Answer and Motion to Dismiss.

23. Verification is a "significant feature" of the Act as an effective dispute resolution procedure.[1]

24. Because the Federal Rules of Evidence have not been adopted (as a whole) by District of Columbia courts, testimony from Williams must be based on personal knowledge under D.C. Superior Court Rules of Civil Procedure 9-I(c) and 43-I.

25. To manufacture a veneer of personal knowledge, Williams testifies: "I **believe** that the facts stated in the pleading are a true statement of the amount owing to by Defendant(s) to Plaintiff exclusive of all set-offs and just grounds of defense." Belief is not personal knowledge.

26. Williams's testimony is designed to circumvent Rules 9-I(c) and 43-I to obtain an otherwise an unobtainable default judgment against McNeal.

27. Williams's affidavit is a communication in connection with collecting, or attempting to collect, a debt from McNeal.

28. Schrier, Tolin & Wagman do not maintain any processes or procedures reasonably adapted to avoid misrepresenting the amount owed.

29. McNeal has been injured in the form of anger, fear, stress, confusion, emotional distress, and undue inconvenience as a result of Schrier, Tolin & Wagman's debt collection practices.

---

[1] *See* S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.C.A.N. 1695-96.

LAW OFFICES OF
**DEAN GREGORY**
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

## CLAIM FOR RELIEF

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

30. McNeal repeats, re-alleges, and incorporates by reference paragraphs 1-29 inclusive, above, as if fully set forth herein.

31. Schrier, Tolin & Wagman violated 15 U.S.C. § 1692d by instigating suit to coerce payment for amounts not owed by McNeal.

32. Schrier, Tolin & Wagman violated 15 U.S.C. §1692e(2)(A) by misrepresenting the amount owed by McNeal.

33. Schrier, Tolin & Wagman violated 15 U.S.C. §1692e(2)(A) by using a robosigned affidavit from Williams misrepresenting the amount owed by McNeal.

34. Schrier, Tolin & Wagman violated 15 U.S.C. §1692e(4) by creating the implication that nonpayment of unlawful amounts will nevertheless result in a judgment.

35. Schrier, Tolin & Wagman violated 15 U.S.C. §1692e(10) by demanding payment of amounts not owed.

36. Schrier, Tolin & Wagman violated 15 U.S.C. §1692e(11) by failing to issue mini-Miranda warnings in its initial and subsequent communications with McNeal.

37. Schrier, Tolin & Wagman used unfair means in violation of 15 U.S.C. §1692f by attempting to collect amounts not owed.

38. Schrier, Tolin & Wagman used unconscionable means in violation of 15 U.S.C. §1692f(1) by attempting to coerce payment of unlawful amounts in a lawsuit.

39. Schrier, Tolin & Wagman used unfair means in violation of 15 U.S.C. §1692f(1) by attempting to collect unlawful amounts using a false affidavit from Williams.

40. Schrier, Tolin & Wagman used unconscionable means in violation of 15 U.S.C. §1692f(1) by attempting to collect unlawful amounts using a false affidavit from Williams.

LAW OFFICES OF
DEAN GREGORY
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

41. Schrier, Tolin & Wagman violated 15 U.S.C. §1692g(a) by failing to provide McNeal with notice of his verification rights within five days of their initial communication—the June 1, 2020 Answer and Motion to Dismiss.

42. Schrier, Tolin & Wagman violated 15 U.S.C. §1692g(b) by continuing collection activities in the lawsuit without first verifying the disputed debt.

## PRAYER FOR RELIEF

McNeal requests the following relief:

1. Actual damages;
2. Statutory damages;
3. Costs of suit and reasonable attorney's fees.

## JURY DEMAND

McNeal demands trial by jury.

DATED: June 10, 2020

Respectfully submitted,

*Dean Gregory*

Dean Gregory (Bar No. 1008846)
**LAW OFFICES OF DEAN GREGORY**
1629 K Street NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 804-8975
Facsimile: (202) 804-6675
Email: dean@deangregory.com

*Attorney for Plaintiff Jermaine McNeal*